**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILMER ISAHI QUESADA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | Case No. 1:26-cv-03623 JLT FJS<br><br>A-Number: 249-112-790<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, LIFTING TRANSFER RESTRICTIONS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 1) |

Wilmer Ishi Quesada is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 6.) In the interest of justice, and to promote judicial efficiency, the undersigned hereby withdraws that reference.

Petitioner previously filed a petition in this Court in Case No. 1:26-cv-01112-JLT-SKO, in which he challenged his re-detention without a pre-deprivation hearing as a violation of his due process rights under the Fifth Amendment. (*See* Case No. 1:26-cv-01112, Doc. 1.) The Court found Petitioner established a due process violation, for which a bond hearing was the appropriate remedy. (Case No. 1:26-cv-01112, Docs. 10, 12.) The Court ordered Respondents to provide "a bond hearing within 14 days before an IJ where the Government must demonstrate by clear and

convincing evidence that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision." (Case No. 1:26-cv-01112, Doc. 12 at 2.) Therefore, the Court granted the petition on April 8, 2026. (*Id.*) Petitioner received the ordered bond hearing on April 20, 2026, at which an immigration judge found DHS carried the burden to show by clear and convincing evidence that Petitioner was a flight risk. (Doc. 9 at 60.)

In this second petition, Petitioner again challenges his detention as a violation of due process. (Doc. 1 at 6.) Petitioner asserts that he was denied the right to a bond hearing twice, and at the time of filing the petition had been detained for about 10 months. (*Id.* at 7-8.) Petitioner does not acknowledge his bond hearing held in April 2026. (*See generally id.* at 6-8.) The Court finds the claims raised in the first petition, in which the Court addressed Petitioner's detention history—including his appearance at bond hearings from July 2025 to January 2026 without a bond evaluation—and found that he suffered the due process violation alleged. (Case 1:26-cv-01112, Doc. 10 at 2-3, 4-5; Doc. 12 at 1-2.) Because the allegations and claims now raised were adjudicated in the prior petition, this second petition is duplicative of the petition in Case 1:26-cv-01112, and the petition is subject to dismissal.

Moreover, Respondents show that Petitioner is now subject to final order of removal, because an immigration judge ordered Petitioner removed on February 24, 2026, and Petitioner did not appeal the removal order. (Doc. 9 at 49.) To that end, Petitioner is now subject to mandatory detention under 8 U.S.C. § 1231, and the petition challenging detention under Section 1226(a) is moot. *See Duralev v. Mayorkas*, 2022 WL 3700851, at *1 (9th Cir. Aug. 26, 2022) (dismissing an appeal of detention under Section 1226(a) as moot after petitioner became subject to mandatory detention under Section 1231(a)(2)); *see also Daniel L. v. Warden, Cal. City Det. Ctr.*, 2026 WL 3228438, at *2 (E.D. Cal. Oct. 28, 2026) (dismissing a petition as moot where the petitioner was subject to detention under Section 1231).

Thus, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
2. The transfer restrictions imposed on May 12, 2026 (Doc. 6) are **LIFTED**.

3. The Clerk of Court is directed to terminate pending matters and close this case.

IT IS SO ORDERED.

Dated: _November 18, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE